UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LHF PRODUCTIONS, INC.,

        Plaintiff,

   v.

DOE 1, *et al.*,

        Defendants.

CASE NO. C17-782 RSM

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

## I. INTRODUCTION

Plaintiff alleges copyright infringement claims against four unknown Doe Defendants who allegedly used "peer to peer" or BitTorrent file "swapping" networks to illegally obtain and distribute the copyrighted motion picture *London Has Fallen*. Dkt. #1 at ¶¶ 1, 10-35. It now seeks permission to take limited, expedited discovery from various internet service providers ("ISP") in order to identify and name the Doe Defendants so it can complete service of process and proceed with litigation. Dkt. #5. As discussed below, Plaintiff has demonstrated that: (1) the Doe Defendants are real people and/or entities that may be sued in federal court; (2) it has unsuccessfully attempted to identify the Doe Defendants prior to filing this motion; (3) its claims against the Doe Defendants would likely survive a motion to dismiss;

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY - 1

and (4) there is a reasonable likelihood that service of the proposed subpoenas will lead to information identifying the Doe Defendants. As a result, the Court finds good cause exists to allow Plaintiff to engage in expedited, preliminary discovery.

## II. BACKGROUND[1]

Plaintiff is a corporation engaged in the production of the motion picture known as and entitled *"London Has Fallen"* for theatrical exhibition, home entertainment and other forms of distribution. Dkt. #1 at ¶ 5. Plaintiff is the owner of the exclusive rights under copyright in the United States in *London Has Fallen*. *London Has Fallen* has been registered with the United States Copyright Office, effective March 14, 2016, and assigned Registration No. PA 1-982-831. *Id*. at ¶ 6 and Ex. A.

Plaintiff alleges each Doe Defendant copied and distributed Plaintiff's copyrighted motion picture *London Has Fallen*. The true names of Defendants are unknown to Plaintiff at this time. However, each Defendant is known to Plaintiff by the Internet Protocol ("IP") address assigned by an Internet Service Provider ("ISP") and the date and at the time at which the infringing activity of each Defendant was observed. Dkt. #1 at ¶ 10. Through geolocation, the IP address used by each Defendant has been traced to the Western District of Washington. Dkt. #6 at ¶ 20; Dkt. #1-1 at 5. Each IP address has also been observed and associated with significant infringing activity and associated with the exchange of other titles on peer-to-peer networks. Dkt. #1 at ¶ 11. The volume, titles and persistent observed activity associated with each Defendant's IP address also indicate each Defendant is not a transitory or occasional guest, but is either the primary subscriber of the IP address or someone who resides with the subscriber and/or is an authorized user of the IP address. *Id.* The volume of the activity

---
[1] The following background is taken from Plaintiff's Complaint and the Declaration of Daniel Arheidt filed in support of Plaintiff's Motion for Expedited Discovery. Dkts. ## 1 and 6.

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY - 2

associated with each Defendant's IP address further indicates that anyone using or observing activity on the IP address would likely be aware of the conduct of Defendant. Also, the volume and titles of the activity associated with each Defendant's IP address indicate each Defendant is not a child, but an adult. Dkt. #1 at ¶ 11.

Plaintiff alleges Defendants are each participants in a peer-to-peer ("P2P") network using the BitTorrent protocol. *Id.* at ¶ 12. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. To begin an exchange, the initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") connect to the network and connect to the seed file to download. As additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from users who have already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network can also be a source of download, and thus distributor for that infringing file. *Id.*

Plaintiff further alleges that Defendants' actions are part of a common design, intention and purpose to hide behind the apparent anonymity provided by the Internet and the BitTorrent technology to download pieces of the copyrighted motion picture in a manner that, but for the investigative technology used by Plaintiff, would be untraceable, leaving the Plaintiff without the ability to enforce its copyright rights. Dkt. #1 at ¶ 14. By participating in the "swarm" to

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY - 3

download Plaintiff's copyrighted motion picture, the Defendants agreed with one another to use the Internet and BitTorrent technology to engage in violation of federal statute to accomplish and unlawful objective. *Id*.

Plaintiff has identified each Defendant by the IP address assigned by the ISP used by each Defendant and the date and time at which the infringing activity of each Defendant was observed. *Id.* at ¶ 15. This is accomplished using forensic software to collect, identify and record the IP addresses in use by those people that employ the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works. The end result are evidence logs of infringing transactions and the IP addresses of the users responsible for copying and distributing the audiovisual work, here *London Has Fallen*. Dkt. #1 at ¶ 17. The IP addresses, hash value, dates and times, ISP and geolocation contained in Exhibit B to the Complaint correctly reflect the subscribers using the IP addresses and that they were all part of a "swarm" of users that were reproducing, distributing, displaying or performing the copyrighted work. *Id.*

Plaintiff believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to wrongfully misappropriate, reproduce and distribute to the public, including by making available for distribution to others, *London Has Fallen*. Dkt. #1 at ¶28. Plaintiff further believes that each Defendant participated in a swarm and/or reproduced and/or distributed the same seed file of *London Has Fallen* in digital form either directly or with each other. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and time at which the infringing activity of each Defendant was observed. *Id.* In addition, or in the alternative, Plaintiff believes that Defendants obtained Internet access through an ISP and

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY - 4

permitted, facilitated and materially contributed to the extensive use of the Internet through his ISP for infringing Plaintiff's exclusive rights under The Copyright Act by others. *Id.* at ¶ 29. Defendants, with knowledge of the infringing conduct, failed to reasonably secure, police and protect the use of his Internet service against use for improper purposes such as piracy, including the downloading and sharing of Plaintiff's motion picture by others. *Id.* Defendants had the right and ability to supervise and control the activity constituting the infringement. *Id.* Plaintiff now seeks expedited discovery to identify the Defendants.

### III. DISCUSSION

#### A. Legal Standard

This Court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for such early discovery. *See, e.g., Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). When the identities of defendants are not known before a Complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to

identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### B. Plaintiff Has Shown Good Cause to Take Early Discovery

Here, Plaintiff established good cause to engage in early discovery to identify the Doe Defendants. First, Plaintiff has associated the Doe Defendants with specific acts of employing the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works. Dkt. #1 at ¶ 17 and Dkt. #6 at ¶ 20. Plaintiff has been able to trace the alleged infringing activity to individual IP addresses in this judicial District. Dkt. #6 at ¶¶ 20-21, Dkt. #1-1 at 5. Second, Plaintiff has adequately described the steps it took in an effort to locate and identify the Doe Defendants. *See* Dkt. #6. Specifically, Plaintiff utilized geolocation technology to locate the IP addresses in this District. Dkt. #6 at ¶¶ 20-21. Third, Plaintiff has pleaded the essential elements to state a claim for Copyright Infringement under 17 U.S.C. § 501, *et seq.* Dkts. #1 at ¶¶ 25-35. Fourth, the information proposed to be sought through a Rule 45 subpoena appears likely to lead to identifying information that will allow Plaintiff to effect service of process on the Doe Defendants. Specifically, Plaintiff states it will seek subscriber information associated with the alleged infringing IP address. Dkt. #6 at ¶ 21.

Taken together, the Court finds that the foregoing factors demonstrate good cause to grant Plaintiff's motion for leave to conduct limited expedited discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Therefore, the Court will grant discovery limited to documents and/or information that will allow Plaintiff to determine the identities of the Doe Defendants in order to effect service of process.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby ORDERS:

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY - 6

1. Plaintiff may immediately serve on its identified Internet Service Providers (or their associated downstream ISPs) a Rule 45 subpoena to obtain documents and/or information to identify the Does Defendants.

2. At this time, any document requests shall be limited to documents sufficient to identify all names, physical addresses, PO boxes, electronic addresses (including email addresses), telephone numbers, or other customer identifying information that are or have been associated with the alleged infringing IP addresses contained in Exhibit B to the Complaint, Dkt. #1-1 at 5.

DATED this 24th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE